IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**SETH HARRIS,**

                  **Plaintiff,**

    **v.**                                    **CASE NO.07-3048-SAC**

**DUKE TERRELL, et al.,**

                  **Defendants.**


**O R D E R**

Plaintiff proceeds pro se on a <u>Bivens</u>[1] complaint seeking relief regarding the conditions of his confinement at the United States Penitentiary in Leavenworth, Kansas (USPLVN). Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). The court notes, however, that plaintiff has an outstanding fee obligation arising from a complaint filed the same date as the present case. *See* <u>Harris v. Terrell et al.</u>, Case No. 07-3047-SAC. Because any funds advanced to the court

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

by plaintiff or on his behalf must first be applied to that prior obligation, the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once plaintiff's prior fee obligation has been satisfied, however, payment of the full $350.00 district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff was a prisoner in USPLVN when he filed this action, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

To establish a <u>Bivens</u> cause of action, a party must have some evidence to support finding that a federal agent acting under color of such authority violated some cognizable constitutional right of the plaintiff. <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). *See* <u>Seigert v. Gilley</u>, 500 U.S. 226 (1991)(to support <u>Bivens</u> claim, alleged conduct must rise to level of constitutional violation).

In the present action, plaintiff seeks damages from the USPLVN Warden, a USPLVN Chaplain, and a Regional Director of the Bureau of Prisons for their alleged violation of plaintiff's constitutional rights. In the administrative documents attached to his complaint, plaintiff asserted his Rastafarian crown was unlawfully confiscated when he refused to remove it as instructed by the Chaplain. Plaintiff asked for the Chaplain to be sanctioned, and requested a

transfer from USPLVN so he would not have to endure further unprofessional conduct of USPLVN staff.  But in his complaint, plaintiff identifies no specific claims nor any personal participation by any named defendant in the alleged deprivation of his rights.[2]  Instead, plaintiff simply refers the court's attention to the attached administrative documents.

The court finds this does not satisfy Rule 8(a) of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The statement need not be factually detailed but it still "must give [each] defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 85 (1957).  See Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007)(plaintiffs are required "to state their claims intelligibly so as to inform the defendants of the legal claims being asserted").

Plaintiff also fails to establish any defendant's personal participation in any deprivation of plaintiff's constitutional rights.  See Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted). Vague and conclusory claims of a conspiracy are insufficient.  See

---

[2]Plaintiff's complaint mirrors what he submitted in a prior action, Harris v. Terrell, et al., Case No. 06-3203-SAC, which the court dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) prior to the Supreme Court's decision in Jones v. Bock, --- U.S. ----, 127 S.Ct. 910 (2007).

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See* Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See* Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); Rizzo v. Goode, 423 U.S. 362 (1976). *See e.g.*, Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).

Although a pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," a district court "is [not] to assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110. The court is not to take on the responsibility of constructing arguments and searching the record for a pro se litigant. Garrett v. Selby Connnor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Nor does the court's liberal construction of a pro se complaint "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

Accordingly, to avoid dismissal of the complaint as stating no claim for relief, plaintiff is directed to submit a form complaint

that complies with Rule 8 by setting forth specific claims involving the alleged deprivation of plaintiff's rights, and by demonstrating each defendants' personal participation in the alleged deprivation. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in this action being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the full $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff has fully satisfied the district court filing fee in his earlier filed case.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to submit a form complaint sufficient to avoid dismissal of this action as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.  The clerk's office is to provide plaintiff with a form <u>Bivens</u> complaint.

**IT IS SO ORDERED.**

DATED:  This 16th day of January 2008 at Topeka, Kansas.

 s/Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

5